IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Value Based Consultants, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>Ring MD USA, Inc.,<br><br>        Defendant. | **Civil No. 24-1596 (GMM)** |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff Value Based Consultants, LCC's ("VBC") *Plaintiff's Motion in Support for Entry of Judgment in Default.* ("*Default Motion*") (Docket No. 8). For the following reasons, the *Default Motion* is **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 30, 2024, VBC filed a *Complaint* against Ring MD USA, Inc. ("Ring MD") for breach of contract. (Docket No. 1). The following facts, taken as true, are alleged in the *Complaint*. VBC is a healthcare consulting company. (Id. at ¶ 14). Ring MD is a healthcare corporation with a network designed to connect patients with medical doctors. (Id. at ¶ 13). On August 18, 2020, Ring MD and the VBC executed a letter agreement, which re-affirmed that Ring MD would pay VBC $300,000.00 in exchange for VBC's "cash advances and services." (Docket No. 1-1 at 4). The agreement established a term of one year to pay the principal amount, which

was to be mailed via check to VBC's Puerto Rico address no later than December 31, 2021. (Docket Nos. 1 at ¶ 18; 1-1 at 4). It also established an interest charge of 1.5% per month for late payments. (Docket No. 1-1 at 4). A choice-of-law clause was included, with the laws of the State of Delaware governing. (Id.). VBC provided the cash advance and services, but Ring MD never paid the agreed amount. *See* (Docket No. 1 at ¶¶ 20; 21).

A final notification was sent to Ring MD on December 20, 2024, informing Ring MD of its debt. (Docket No. 1-2). The total amount owed at the time ("A") was calculated as $A = 300,000(1+.015) = \$512,730.00$. (Id.). VBC's counsel informed Ring MD that the total amount would continue to accrue interest at a rate of 1.5% per month until it is paid. (Id.).

VBC seeks judgment in its favor against Ring MD for principal and past interests ($512,730.00), interests at a rate of 1.5% per month until it is pay in full, attorney's fees and costs pursuant to federal and state laws, and "any and all other relief to which Plaintiff may be justly entitled." (Docket No. 1 at 5).

The deadline for Ring MD to file a responsive pleading to the *Complaint* expired on February 25, 2025. *See* (Docket No. 4). On March 28, 2025, VBC filed a *Motion for Default Entry as to Ring MD USA, Inc.* citing to Ring MD's failure to respond to the Summons and *Complaint*, which was served on February 4, 2025. (Docket No.

5).[1] Service was performed on Dee Hetrich, paralegal, "who is designated by law to accept service of process on behalf of Ring MD USA, Inc." in Canton, Ohio by John Miller, Process Server. (Docket No. 4).[2]

The Court granted the default entry motion on March 31, 2025, and the Clerk's Office entered default against Ring MD on the same day. (Docket Nos. 6; 7). VBC now moves for a default judgment against Ring MD for $536,163.08[3] plus costs and agreed attorney's fees in the amount of $134,040.77 (totaling $670,203.85). (Docket No. 8 at 7).

## II.   LEGAL STANDARD

Under Fed. R. Civ. P. 55, a district court may enter a default judgment where a defendant has failed to plead or otherwise defend itself. A final entry of default judgment requires a two-step process. After the clerk enters a notice of default under Rule 55(a), "[s]tep two is entry of default judgment under Rule 55(b), which provides that such a judgment can be entered by the clerk, assuming certain conditions are met, and otherwise by the court." Universitas Educ., LLC v. Granderson, 98 F.4th 357, 377 (1st Cir.

---

[1] VBC's owner, Harlan Benjamin Harvey, submitted an unsworn statement under penalty of perjury stating that "Defendant was duly served with process on February 4, 2025." (Docket No. 8-3).

[2] VBC filed *Summons Returned Executed* on March 13, 2025, at Docket No. 4. "A return of service generally serves as *prima facie* evidence that service was validly performed." Blair v. City of Worcester, 522 F.2d 105, 111 (1st Cir. 2008).

[3] "[T]he principal amount of $300,000.00, interests in the amount of $236,163.08, which continue to accrue until full payment of the debt at 1.5% per month. . ."(Docket No. 8 at 7).

2024). "A defaulted party is deemed 'to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'" Id. (*quoting* Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)). "Notwithstanding that concession, the district court 'may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action.'" Id. (*quoting* Ramos-Falcón v. Autoridad de Energía Eléctrica, 301 F.3d 1, 2 (1st Cir. 2002)).

Although the district court may hold a hearing if needed, "the district court can also order a default judgment 'without a hearing of any kind,' assuming it 'has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object.'" Id. (*quoting* In re The Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002)). The Court "has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the parties" before entering a default judgment. Shaw v. 500516 N.B. Ltd., No. CV-09-264-B-W, 2009 WL 2184953, at *1 (D. Me. July 21, 2009) (*citing* Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001)); *see also* M&K Welding, Inc. v. Leasing Partners, LLC, 386 F.3d 361, 364 (1st Cir. 2004) ("[A] default

judgment issued without jurisdiction over a defendant is void. . .").

### III. ANALYSIS

A.  Subject Matter Jurisdiction

VBC is a citizen of Puerto Rico.[4] (Docket No. 1 at ¶ 5). Ring MD USA, Inc. is incorporated in South Carolina with its principal place of business in South Carolina.[5] (Docket No. 1 at ¶¶ 7; 8). Therefore, this action involves "citizens of different States." 28 U.S.C. § 1332(a)(1).

This Court has jurisdiction over this action under 28 U.S.C. § 1332 since the matter of this civil action exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, and is between citizens of different states. However, the jurisdictional inquiry does not end there. Plaintiff must also show that the court has personal jurisdiction over each non-resident defendant.

B.  Personal Jurisdiction

"In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity

---

[4] The citizenship of a partnership is determined by the citizenship of all of its members. *See* Carden v. Arkoma Assocs., 494 U.S. 185, 196 (1900). "At the time Plaintiff commenced this civil action, and at all times since, the sole member of Value Based Consultants LLC is a Puerto Rico Liability Company owned by Harlan Benjamin Harvey resident of Puerto Rico." (Docket No. 1 at ¶ 5).
[5] "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . ." 28 U.S.C. 1332(c)(1).

jurisdiction 'is the functional equivalent of a state court sitting in the forum state.'" Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995) (*quoting* Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994)). To exercise personal jurisdiction over Ring MD, the Court must "find sufficient contacts between the defendant and the forum to satisfy both that state's long-arm statute and the Fourteenth Amendment's Due Process clause." Sawtelle, 70 F.3d at 1387.

"In Puerto Rico, the 'long-arm statute is coextensive with the reach of the Due Process Clause.'" Vauban Int'l Bank Corp. v. EZBank Corp., Civ. No. 24-1199, 2025 WL 1737015, at *3 (D.P.R. June 23, 2025) (*quoting* Carreras v. PMG Collins, LLC, 660 F.3d 549, 552 (1st Cir. 2011)). "Accordingly, when the state long-arm statute is coextensive with the U.S. Constitution's due process limits, the court's analysis may focus solely on the federal constitutional analysis." Trio Realty, Inc. v. Eldorado Homes, Inc., 350 F.Supp.2d 322, 326 (D.P.R. 2004) (*citing* Sawtelle, 70 F.3d at 1389).

The Due Process clause requires a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 35 (1st Cir. 2016) (alterations in

original) (*quoting* Int'l Shoe Co. v. Wash., Off. of Unemployment, 326 U.S. 310, 316 (1945)).

"A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction." Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). "Specific personal jurisdiction may be asserted where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." United Elec., Radio and Mach. Workers of America v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088-89 (1st Cir. 1992). "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Id. at 1088.

"When a plaintiff seeks to bring a defendant into court under a long-arm statute, he must state sufficient facts in the complaint to support a reasonable inference that such defendant can be subjected to jurisdiction within the state." Cracknell v. Hunter, 80 F.R.D. 471, 472 (D. Mass. 1978) (*quoting* Block Indus. v. DHJ Indus., Inc., 495 F.2d 256, 259 (8th Cir. 1974)).

In this case, there are no facts alleging Ring MD has engaged in continuous and systematic activity in Puerto Rico. Therefore, the Court will focus on whether it has specific personal jurisdiction over Ring MD.

The First Circuit conducts the specific jurisdiction inquiry based on a three-pronged test: (1) relatedness; (2) purposeful availment; and (3) reasonableness. <u>A. Corp. v. All American Plumbing, Inc.</u>, 812 F.3d 54, 59 (1st Cir. 2016). For a finding of personal jurisdiction, all three prongs must be satisfied. <u>Id.</u>

1. <u>Relatedness</u>

Although the relatedness inquiry "is a relaxed standard, it nevertheless requires [the Court] to hone in on the relationship between the defendant and the forum." <u>A. Corp.</u>, 812 F.3d at 59 (*citing* <u>Hannon v. Beard</u>, 524 F.3d 275, 283 (1st Cir. 2008)). In contract cases, a court "must look to the elements of the cause of action and ask whether the defendant's contacts with the forum were instrumental either in the formation of the contract or in its breach." <u>Phillips Exeter Acad. V. Howard Phillips Fund</u>, 196 F.3d 284, 289 (1st Cir. 1999); *see* <u>Inamar Inv., Inc. v. Lodge Props., Inc.</u>, 737 F.Supp.12, 14 (D.P.R. 1990). "[T]he court is to look at all of the communications and transactions between the parties, before, during and after the consummation of the contract, to determine the degree and type of contacts the defendant has with the forum, apart from the contract alone." <u>Ganis Corp. of Cal. v. Jackson</u>, 822 F.2d 194, 197-98 (1st Cir. 1987).

The "Contract" that VBC provided is a letter agreement that was sent "to set forth certain **further** understandings between the parties hereto." (Docket No. 1-1) (emphasis added). In the letter,

Ring MD "**re-affirm[ed]** its obligation to pay" VBC $300,000.00. (Id.) (emphasis added). The included invoice is for "cash advances and services," but contains no description of the services provided or where they took place. See (id. at 4). "[A]ppreciation of the extent of a non-resident's activities within the forum for minimum contact purposes should depend to some extent on the type of business that is involved." Integrated Indus., Inc. v. Cont'l Milling Co. N.V., 385 F.Supp. 883, 885 (D.P.R. 1974). .

    Although the letter agreement was addressed to Mr. Harvey's PO box in Puerto Rico, the mere mailing of one drafted letter agreement to a party in Puerto Rico cannot be considered a minimum contact sufficient to support the assertion of jurisdiction over Ring MD. See Inamar Inv., Inc., 737 F.Supp. at 14; cf. Rodriguez v. Dixie S. Indus., Inc., 113 F.Supp.2d 242, 251 (1st Cir. 2000) (deciding that the relatedness prong was met because there was evidence that information was sent to the forum by the defendant via telephone or mail *on multiple occasions* which were instrumental in the formation of the contract); Prep Tours, Inc. v. Am. Youth Soccer Org., Civil No. 15-1162, 2016 WL 3746525, at *2 (D.P.R. July 8, 2016) (deciding that the relatedness prong was met after defendants sent *multiple* emails to plaintiffs in the forum while negotiating).

    The invoice included a provision that payment would be mailed via check to VBC's Puerto Rico address. (Docket No. 1-1 at 4).

"The location of where payments are to be sent has been recognized as a material contact in jurisdictional analysis." Ganis Corp. of Cal. v. Jackson, 822 F.2d 194, 198 (*citing* Burger King Corp., 471 U.S. at 480-81). "Even so, that fact alone does not possess decretory significance." Phillips Exeter Acad., 196 F.3d at 291 (1st Cir. 1999); *see, e.g.,* Hanson v. Denckla, 357 U.S. 235, 252 (1958).

The Court does not have enough facts to "hone in on the relationship between the defendant and the forum." *See* A. Corp., 812 F.3d at 59. Taking all well-pleaded facts as true, the Court cannot conclude that there is sufficient relatedness between Ring MD and the forum. Notwithstanding, the Court will consider whether Ring MD purposefully availed itself to the forum.

2.   Purposeful Availment

"The purposeful availment inquiry asks whether a defendant has 'deliberately target[ed] its behavior toward the society or economy of a particular forum [such that] the forum should have the power to subject the defendant to judgment regarding that behavior.'" Baskin-Robbins, 825 F.3d at 36 (*quoting* Carreras v. PMG Collins, LLC, 660 F.3d 549, 555 (1st Cir. 2011)). "The cornerstones upon which the concept of purposeful availment rest[s] are voluntariness and foreseeability." Sawtelle, 70 F.3d at 1391.

VBC does not provide facts to show that Ring MD intentionally and purposefully availed itself of the "benefits and protections afforded by Puerto Rico's laws." BioFort Corp. v. Savir-Baruch, Civ. No. 24-1137, 2025 WL 101777, at *4 (D.P.R. Mar. 31, 2025) (*quoting* Estate of Rosario v. Falken Tire Corp., 109 F.Supp.3d 485, 495 (D.P.R. 2015)). One instance of contracting with a resident of Puerto Rico hardly suggests that Ring MD purposefully availed itself of Puerto Rico in any constitutionally relevant sense. *See* Phillips Exeter, 196 F.3d at 290 ("the mere existence of a contractual relationship between an out-of-state defendant and an in-state plaintiff does not suffice, in and of itself, to establish jurisdiction in the plaintiff's home state."); *see also* Inamar Inv., Inc., 737 F.Supp. at 14 ("[I]t has been repeatedly observed that merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction."); Phillips v. Prairie Eye Ctr., 530 F.3d 22, 29 (1st Cir. 2008) (concluding that there was no purposeful availment after the defendant mailed a contract with full terms and sent three follow-up e-mails concerning the logistics of signing the contract).

There are neither allegations nor evidence claimed by VBC, or otherwise in the record, that would indicate Ring MD has any previous or ongoing contracts or connections with VBC in Puerto Rico. Nor do the allegations contain information pertaining to the

negotiations preceding the formation of the contract or any details about the services to be performed pursuant to the agreement. *See* Burger King Corp, 471 U.S. at 479 ("It is these factors – prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing – that must be evaluated in determining whether the defendant purposely established minimum contacts with the forum.").

Additionally, the letter agreement contains a provision specifying that Delaware law governs, (Docket No. 1-1 at 4), which suggests that Ring MD never had the intention of purposefully availing itself of the benefits and protections of Puerto Rico's laws. *See* Inamar Inv., Inc., 737 F.Supp. at 14 (*citing* Burger King Corp., 471 U.S. at 481-82).

Therefore, the first two prongs fail.

### 3. Reasonableness

"The evidence against a finding of personal jurisdiction in the first two prongs of the test is fatal to plaintiffs' complaint, and the Court need not and should not methodically march through each of the Gestalt [reasonableness] factors to illustrate the lack of personal jurisdiction here." BioFort Corp., 2025 WL 1017774, at *4 (*citing* A. Corp., 812 F.3d at 61-62).

Still, the Court stresses that Puerto Rico's strong interest in protecting its residents from breached contracts does not alone confer jurisdiction; substantial forum contacts remain the

decisive factor. *See* <u>Vencedor Mfg. Co. v. Gougler Indus., Inc.</u>, 557 F.2d 886, 890 (1st Cir. 1977).

Therefore, because the record does not include evidence of Ring MD's minimal contact with Puerto Rico, Ring MD cannot be subjected to the jurisdiction of this forum. *See* <u>Sawtelle</u>, 70 F.3d at 1387. Without jurisdiction over both parties, the Court cannot enter a default judgment against Ring MD. *See* <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 291 (1980).

## IV. CONCLUSION

For the foregoing reasons, VBC's *Motion for Default Judgment* filed at Docket No. 8 is **DENIED**. The complaint is dismissed without prejudice. Judgment of dismissal shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, July 15, 2025.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE